[Cite as *In re D.H.*, 2016-Ohio-195.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| D.H., JR. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | Case No. 2015CA00178 |
| | : | |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Family Court Division, Case No. 2013JCV01139B


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        January 19, 2016


APPEARANCES:

For Appellant

DEAN L. GRASE
700 Courtyard Centre
116 Cleveland Avenue, NW
Canton, OH 44702

For Appellee

JAMES B. PHILLIPS
300 Market Avenue North
Canton, OH 44702

*Farmer, J.*

{¶1}   On November 7, 2013, appellee, Stark County Department of Job and Family Services, filed a complaint alleging D.H., Jr., born July 4, 2011, to be a neglected and/or dependent child.  Mother of the child is appellant, Teria Thomas; father is Dante Hill, Sr.[1]

{¶2}   Following an emergency shelter care hearing, the child was placed in appellee's emergency temporary custody.

{¶3}   An adjudicatory hearing was held on January 30, 2014, wherein both parents stipulated to dependency.  The dispositional hearing followed and the trial court placed the child in appellee's temporary custody and a case plan was approved and adopted.

{¶4}   On October 8, 2014, appellee filed a motion for permanent custody.  A hearing was held on December 2, 2014.  By judgment entry filed same date, the trial court denied the motion and extended temporary custody, finding although appellant continued to struggle with her addiction, she was participating in the case plan services designed to assist her with her addiction.

{¶5}   On June 30, 2015, appellee filed a second motion for permanent custody. A hearing was held on August 27, 2015.  By judgment entry filed August 31, 2015, the trial court terminated parental rights and granted appellee permanent custody of the child.  Findings of fact and conclusions of law were filed contemporaneously with the judgment entry.

---

[1]Father was a part of the underlying case and is the subject of his own appeal in Case No. 2015CA00180.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE TRIAL COURT ERRED IN AWARDING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT GROUNDS EXISTED FOR PERMANENT CUSTODY AND THEREFORE SUCH DECISION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶8} "THE TRIAL COURT ERRED IN AWARDING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE BEST INTEREST OF THE CHILD WOULD BE SERVED BY SUCH FINDING AND THEREFORE SUCH DECISION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

{¶9} Appellant claims the trial court's decision to grant permanent custody of the child to appellee was against the manifest weight and sufficiency of the evidence. Appellant claims the trial court erred in finding the child could not be placed with her within a reasonable period of time and the best interest of the child was best served by granting appellee permanent custody. We disagree.

{¶10} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant,

competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA-5758, 1982 WL 2911 (February 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279 (1978). On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52; *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179. In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶ 21.

{¶11} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part the following:

> (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear

and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(16) Any other factor the court considers relevant.

{¶12} R.C. 2151.414(B)(1)(b) and (d) specifically state permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

(b) The child is abandoned.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

*** 

For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.

{¶13} R.C. 2151.011(C) states for purposes of R.C. Chapter 2151, "a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."

{¶14} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶15} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interest of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the

temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶16} The child was placed in appellee's temporary custody on November 8, 2013, adjudicated on January 30, 2014, and the hearing was held on August 27, 2015. T. at 4-5. The child had been in appellee's custody for over twelve months. R.C. 2151.414(B)(1)(d).

{¶17} In its findings of fact and conclusions of law filed August 31, 2015, the trial court determined R.C. 2151.414(B)(1)(d) applied, appellant had abandoned the child by not visiting the child from March 26, to July 2, 2015, had relapses with her sobriety, had yet to finish Goodwill Parenting, did not maintain employment, and was currently living in a YWCA shelter.

{¶18} Appellant argues an extension of temporary custody had been granted until November 17, 2015, but instead, the complaint for permanent custody was filed on June 30, 2015. At the time of the filing, appellant argues she was participating in

alcohol counseling and was in fact sober for almost six months which could have been almost eleven months at the extension date.

{¶19} The ongoing caseworker, Wanda Pounds, testified appellant failed to visit the child from March 26, to July 2, 2015. T. at 6. The case plan required appellant to continue substance abuse treatment, participate in Goodwill Parenting, and participate in Phoenix Rising Services to address any mental health concerns. T. at 7. At the time of the hearing, appellant was engaged with Phoenix Rising and was receiving treatment. *Id.* Appellant was also receiving substance abuse counseling through Quest, but had suffered relapses in the past. T. at 7-8. Her most recent OVI was in September 2014. T. at 8. The main concern for appellant was ongoing alcohol abuse. *Id.* An extended visit with the child was attempted, but was terminated due to appellant's continued alcohol use. T. at 9. Appellant did not complete Goodwill Parenting, as she delayed starting the program. T. at 9-10. Appellant was not employed and was living in the "Y Shelter." T. at 10. She did not have any long term plans to secure housing and did not have any source of income. T. at 11.

{¶20} The child has cerebral palsy, aphasia seizures, sclerosis, GERD, and dysphasia, and is wheelchair bound and nonverbal. T. at 10-11. The child needs special services and care and stability. T. at 11.

{¶21} Appellant testified she had been sober since January 5, 2015. T. at 28. She had relapsed in September and November of 2014. T. at 29. Appellant explained she could not visit with her child because the visitation dates conflicted with the dates she was attending services at Quest. T. at 29-30. She stated she requested a better visitation schedule, but did not receive a response. T. at 30. When reminded that Ms.

Pounds testified that Saturday visitations were suggested as a special accommodation for her, appellant stated that was correct, but was then told that Saturday visitations were not available because of a lack of security. T. at 16, 25, 31. Ms. Pounds testified appellant did not attend the Saturday visitations because she had stated she had "something other to do," and lack of security was not a concern. T. at 25, 27-28. Appellant testified to sporadic employment during the course of the case plan, and she was unemployed as of the hearing date. T. at 34-35, 38. She admitted to not having stable housing. T. at 38. Appellant denied being an alcoholic, but stated, "I abuse alcohol." *Id.* She then agreed she had a long history of abusing alcohol, admitting she was a recovering alcoholic. T. at 38-39. She admitted to relapsing and being under the influence when the child was staying with her for the extended visit. T. at 39. Appellant's case manager at Phoenix Rising testified appellant had progressed through the program and was using the coping skills taught to her. T. at 41-42.

{¶22} As for best interest, the child is "totally dependent on people." T. at 57. The child and appellant have bonded. T. at 58. However, Ms. Pounds opined the granting of permanent custody would outweigh any harm by breaking the bond because the child needed stability. T. at 59. The child was residing in a special needs foster home and was adoptable. T. at 60-61. Appellant testified her child's best interest would best be served by being returned to her. T. at 68.

{¶23} The guardian ad litem testified "the benefit of permanent custody outweighs the burden to the child" because the child "has a high level of care because of his disabilities." T. at 73-74. The parents are "borderline functioning and you have substance abuse issues that have gone on for a long period [of] time." T. at 72.

{¶24} "When granting permanent custody under R.C. 2151.414(B)(1)(d), the trial court need not find that the child cannot or should not be placed with either parent within a reasonable time since such a finding is implicit in the time frame provided in the statute." *In re Myers Children* 4th Dist. Athens No. 03CA23, 2004-Ohio-657, ¶ 10. We note "only one of the factors set forth in R.C. 2151.414(D) needs to be resolved in favor of the award of permanent custody in order for the court to terminate parental rights." *In re Z.T.,* 8th Dist. Cuyahoga No. 88009, 2007-Ohio-827, ¶ 56.

{¶25} Upon review, we find sufficient clear and convincing evidence to support the trial court's decision on best interest and the granting of permanent custody of the child to appellee.

{¶26} Assignments of Error I and II are denied.

{¶27} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 1229